IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ARTAVIS CONWAY, a/k/a ARTABIS CONWAY, a/k/a ARTAVIS JOHNSON (#R-11529), <br><br> Plaintiff, <br><br> v. <br><br> THOMAS J. DART, CHRISTOPHER R. STADNICKI P.A., RONALD F. LEDVORA M.D. UNKNOWN JOHN DOE and JANE DOE of Cermak Health Services of Cook County, MARGHOOB A. KHAN M.D., FAYEZ M. MEKHAEL M.D., YAN K. YU D.O., SUSIE C. SMITH LPN, SHIRLEY MCBRIDE, NEWWORLD EBOIGBE RN, DALFANITA MOORE, MARVA DOUGLAS, FELICIA OGBULI RN, CHARITY NWARU RN, UNKNOWN JOHN DOE and JANE DOE of Cook County Department of Corrections, <br><br> Defendants. | Case No.: 14 C 8723 |

**PLAINTIFF'S AMENDED COMPLAINT AT LAW**

**NOW COMES** ARTAVIS CONWAY, also known as ARTABIS CONWAY and ARTAVIS JOHNSON (#R-11529) ("Conway"), by and through his attorneys, SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, complains as follows:

**INTRODUCTION**

1. This cause of action is brought pursuant to 42 U.S.C. § 1983 to secure the rights provided by the United States Constitution and to redress the defendants' actions which deprived Conway's civil rights. Specifically, the Defendants acted in a manner deliberately indifferent to Conway's serious medical needs and deprived him of prescription medication and medical attention reasonably required to treat his serious medical conditions. The

defendants' actions violated Conway's Eighth Amendment right to be free from cruel and unusual punishment.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. § 1983, and the Eighth and Fourteenth Amendment to the United States Constitution. Jurisdiction is founded upon 28 U.S.C. § 1331. This Court has supplemental jurisdiction under 28 U.S.C. § 1343.

## VENUE

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b). All of the events set forth in this Amended Complaint occurred at the Cook County Department of Corrections, in Cook County, Illinois, and at the Cermak Health Services Facility located therein. Venue therefore lies in the Northern District of Illinois, Eastern Division.

## PARTIES

4. Conway is currently incarcerated at the Shawnee Correctional Center (hereinafter referred to as "Shawnee"). Conway was an inmate at Cook County Department of Corrections (hereinafter referred to as "CCDC") from December 13, 2013 through March 9, 2015.

5. Cook County is a duly incorporated governmental entity in Illinois, and operates the health service for detainees at Cook County Jail under the name Cermak Health Services of Cook County (hereinafter referred to as "Cermak"). Cook County is liable for any judgments related to its agents and

employees arising in the course of their employment, pursuant to 745 ILCS 10/2-302.

6. Defendant Thomas J. Dart is the Sheriff of Cook County and runs the Cook County Jail and the CCDC. He is the employer of the unknown Jane Does and John Does sued herein. He is being sued in his official capacity.

7. Defendant Chief Operating Officer of Cermak is an individual who, at all times relevant was responsible for the supervision of the operation of Cermak Health Services of Cook County in the provision of medical services to persons detained at the CCDC. At all times relevant he was acting in that capacity and under color of state law. He is being sued in his official capacity.

8. The following defendants were, at all times relevant, employed as nurses at the CCDC and involved in Conway's medical treatment: Charity Nwaru, RN; Felicia Ogbuli, RN; Marva Douglas; Dalfanita Moore; Newworld Eboigbe, RN; Shirley McBride; and Susie C. Smith, LPN. At all times relevant defendants were acting in that capacity and under color of state law. They are being sued in their individual capacity.

9. The following defendants were, at all times relevant, employed as physicians or physician assistants at the CCDC and involved in Conway's medical treatment: Ronald F. Ledvora, MD; Christopher R. Stadnicki, P.A.; Yan K. Yu, DO; Fayez M. Mekhael, MD; and Marghoob A. Khan, MD. At all times relevant defendants were acting in that capacity and under color of state law. They are being sued in their individual capacity.

10. Defendants, Unknown Jane Does and/or John Does are individuals who at all times relevant were employees, agents and/or servants of CCDC and Cook County.

11. Defendants, Unknown Jane Does and/or John Does, at all times relevant hereto, were acting under color of state law.

12. Defendants, Unknown Jane Does and/or John Does, are sued in their individual capacity.

13. At all times relevant hereto, individual and official defendants were acting under color of the statutes, ordinances, regulations, customs and usages of the State of Illinois, Cook County, and the Cook County Sheriff's Department, and within the scope of their employment with defendant institutions.

## FACTS

14. Conway has been intermittently incarcerated for a number of years and is an individual with advanced stages of glaucoma causing diminished eyesight in one or both eyes and intense pain.

15. Conway's glaucoma onset is noted as early as February 3, 2011, in a prescription order written at the Pinckneyville Correctional Center, an Illinois Department of Corrections facility.

16. From December 11, 2013, through March 9, 2015, Conway was an inmate of the CCDC, a prison run by Cook County and at all times was under the care, custody, and control of Cook County and its agents and employees.

17. As an inmate of Cook County, Conway was a patient of Cermak and its employee physicians and nurses, some of whom are named as defendants

4

and others named as Unknown John Doe and Jane Doe, and which is responsible for providing treatment to detainees in the dispensaries located inside the CCDC.

18. On December 11, 2013, a new patient intake evaluation was performed on Conway by Christopher Stadnicki, P.A. in the Cermak clinic. The medical records created by Stadnicki during this initial intake made no mention of glaucoma or any type of eye problem. Conway was instructed on how to use a Health Service Request form ("HSR") to request medical treatment and refills of his medication.

19. On January 7, 2014, Conway returned to Cermak for a scheduled follow-up exam and was seen by Ronald Ledvora, M.D. Conway complained that his left eye was blurring with visual changes from tearing. Conway further explained that he was experiencing unilateral left post-orbital headache pain that was sharp and intermittent. At this point, Dr. Ledvora ordered an ophthalmology and optometrist evaluation.

20. On January 28, 2014, Conway was seen by an ophthalmologist at the Cermak clinic, who diagnosed Conway with advanced glaucoma. Conway was prescribed eye-drops, Brimonidine 0.2% ophthalmic solution and Latanoprost 0.005% ophthalmic solution.

21. On February 18, 2014, Conway was seen at Cermak by the same ophthalmologist and was prescribed an additional eye-drop medication to add to his treatment regimen, Dorzolamide 2% ophthalmic solution.

22. Conway continuously saw doctors, ophthalmologists, and nurses at Cermak throughout this time period as his eyesight continued to deteriorate. Beginning on January 28, 2014, through his release from CCDC, Conway had standing prescriptions for eye-drop medication.

23. On September 5, 2014, Conway was seen by Dr. Ledvora at Cermak. Conway told Dr. Ledvora that he had been unable to see out of his right eye since 6:30 or 7:00 that morning. Dr. Ledvora ordered that Conway be transferred to the Cermak emergency room for immediate treatment.

24. At the Cermak emergency room, Conway was examined and found to have complete blindness in his right eye. Conway was transferred to John H. Stroger Hospital at approximately 9:00 a.m. on September 6, 2014, and laboratory tests were taken. Conway was discharged from the hospital and prescribed additional eye-drop medications: Levobunolol, Azopt, and Timolol 0.25 ophthalmic solutions.

25. From January 28, 2014, through March 9, 2015, Conway did not receive his prescribed medication in a consistent and timely manner, despite continuously submitting HSRs requesting refills of his eye-drop medication and, from time to time, complaining to various defendants and medical personnel.

26. From December 11, 2013, through March 9, 2015, Conway told physicians and nurses, some of whom are named as defendants and others named as Unknown John Doe and Jane Doe, that he was not getting his prescribed medication.

27. Defendants failed to dispense Conway's medication in a timely and consistent manner as prescribed.

28. On March 9, 2015, Conway was transferred from CCDC to the Shawnee Correction Center.

29. Cermak and CCDC failed to identify the dispensary premises or the staff working at the dispensaries as part of any organization other than the detention facility in which they are located, and Conway has no way to determine whether defendants claim any such distinction. Cermak and CCDC have failed and refused to respond to inquiries from Conway seeking medical records regarding the dispensing of medication by defendants and receipt of medication by Conway.

30. Cermak and CCDC, through their employees, agents and/or servants, provided medical treatment to Conway, and have a duty to provide that treatment with a reasonable degree of medical care, skill and diligence. Cermak and CCDC, through the employees identified above, negligently failed to treat Conway and deliver to him the eye-drop medication in a timely fashion and needed to prevent Conway's medical conditions and pain.

31. In addition, in violation of its duties of care, Cermak and CCDC negligently or deliberately failed to maintain complete and adequate records of the medication it provided to Conway, or, having created such records, negligently or deliberately lost or destroyed them. As a result, Conway has been unable to identify the individuals responsible for the callous delay in the receipt of his medication, or to obtain proper documentation which would be helpful to

his pursuit of the proper defendants responsible for his delayed treatment and mistreatment. If Conway is unable to recover against the unknown Jane Does and/or John Does, that loss of recovery will have been the direct and proximate result of Cermak's and CCDC's negligent or deliberate loss or destruction of the medical records of the Conway.

32. Conway suffered, and continues to suffer, physical harm, including loss of vision and pain, as the result of defendants' failure to provide him timely and appropriate medical treatment.

### COUNT I
#### *Violation of Eighth and Fourteenth Amendments Individual Defendants*

33. Conway repeats and re-alleges Paragraphs 1 through 32 as Paragraph 33 of Count I.

34. The Eighth Amendment to the United States Constitution prohibits the cruel and unusual punishment of United States citizens by the federal government.

35. The Fourteenth Amendment extends the prohibition of the Eighth Amendment to the United States Constitution, and guarantees that the State of Illinois shall similarly prohibit cruel and unusual punishment of United States citizens by the State government.

36. At all relevant times Conway suffered from a serious medical need and the defendant physicians and nurses, some of whom are named as defendants and others named as Unknown John Doe and Jane Doe, were deliberately indifferent to it.

37. Conway's rights under the Eighth and Fourteenth Amendments to be free from cruel and unusual punishment have been abridged by the defendant physicians' and nurses', some of whom are named as defendants and others named as Unknown John Doe and Jane Doe, deliberate indifference to Conway's medical needs after he was diagnosed with advanced stages of glaucoma.

38. Upon information and belief, the defendant physicians and nurses, some of whom are named as defendants and others named as Unknown John Doe and Jane Doe, showed a deliberate indifference to Conway's medical needs when they failed to dispense Conway's eye-drop medication in a timely manner, despite continued requests and notification from Conway that he was not receiving his medication.

39. The defendant physicians and nurses, some of whom are named as defendants and others named as Unknown John Doe and Jane Doe, knew or should have known that Conway was in extreme pain and in immediate danger of losing his vision.

40. The defendant physicians and nurses, some of whom are named as defendants and others named as Unknown John Doe and Jane Doe, knew or should have known that their failure to act created a substantial risk of serious harm for Conway in the form of intense pain and losing his vision.

41. The defendant physicians and nurses, some of whom are named as defendants and others named as Unknown John Doe and Jane Doe, were deliberately indifferent to Conway's medical needs, and thereby violated his due process rights and his right to be free from cruel and unusual punishments.

42. The defendant physicians' and nurses', some of whom are named as defendants and others named as Unknown John Doe and Jane Doe, deliberate indifference to Conway's medical needs proximately caused Conway to lose his vision, or in the alternative, suffer diminished vision, endanger his eyesight and ability to see, and caused him great pain and mental anguish.

## COUNT II
### *Pendant Claims Against Cermak*

43. Conway repeats and re-alleges Paragraphs 1 through 42 as Paragraph 43 of Count II.

44. Cermak failed or refused to possess, exercise and apply the knowledge and use the skill and care that is ordinarily used by reasonably well-qualified hospital facilities in Cook County, Illinois to create and preserve the medical records of Conway's treatment at Cermak Health Facilities and the CCDC dispensary. This failure has caused or may cause grievous harm to Conway by preventing him from recovering damages from the party or parties responsible for his delayed treatment and the resulting exacerbated pain and suffering.

45. In violation of applicable standards of medical care, Cermak and its Chief Operating Officer, having undertaken to care for Conway, failed to timely treat him with a reasonable degree of care, skill and diligence, causing him to suffer further pain and suffering.

## COUNT III
### *Official Capacity – Sheriff Thomas J. Dart*

46. Conway repeats and re-alleges Paragraphs 1 through 45 as Paragraph 46 of Count III.

47. Defendant Dart possesses, is vested with and exercises policy-making authority over the Cook County Department of Corrections jail facilities, including the CCDC and certain aspects of the Cermak Health Facilities of Cook County.

48. Officers under Defendant Dart, together with representatives of Cermak acting under his supervision and control, continuously postponed effective treatment of Conway. Defendant Dart's employees ignored the medical orders provided to them by failing to provide Conway with his prescribed medication. Such widespread disregard of the rights of Conway represented the policy and practice of Defendant Dart, and violated Conway's rights under the Eighth and Fourteenth Amendments to be free from cruel and unusual punishment and from deliberate disregard of his right to medical treatment and care while imprisoned.

49. As a direct result of the foregoing policies, practices and procedures promulgated by Defendant Dart pursuant to his authority as Sheriff of Cook County, Illinois and with callous disregard of the constitutional rights of detainees not to be exposed to cruel or unusual punishments, Conway was denied effective medical treatment and neglected by prison authorities. As a direct and proximate result of these policies, practices and procedures, Conway has suffered physical injury and needlessly exacerbated and extended pain and suffering.

## COUNT IV
### *Reimbursement Claim Against County*
### *Pursuant to 745 ILCS 10/2-302*

50. Conway repeats and re-alleges Paragraphs 1 through 49 as Paragraph 50 of Count IV.

51. In the event any individual defendants are found liable for their actions performed in the course of their employment, Cook County, Illinois must indemnify the employee for this verdict pursuant to 745 ILCS 10/2-302.

**WHEREFORE**, Conway respectfully requests the Court:

A. Enter judgment against defendants;

B. Award compensatory damages, in an amount to be determined, sufficient to compensate Conway for the deprivation of his constitutional right to be free from cruel and unusual punishment, including, but not limited to, the physical pain and emotional distress caused by such deprivation;

C. Award punitive damages to sanction defendants' deliberate indifference to Conway's medical needs and to deter defendants and others from engaging in similarly unconstitutional conduct in the future; and

D. Award such other relief which this Court may deem just and proper.

## JURY DEMAND

Conway, ARTAVIS CONWAY, hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all triable issues.

Respectfully submitted,

**SCOPELITIS GARVIN LIGHT HANSON & FEARY**

By: */s/ Caroline D. Pratt*
     Attorney for Plaintiff

12

Caroline D. Pratt (ARDC #6321320)
**SCOPELITIS GARVIN LIGHT HANSON & FEARY**
30 West Monroe Street, Suite 600
Chicago, Illinois 60603
cpratt@scopelitis.com 4824-4284-4725, v. 2